Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff
LISA CORSON

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LISA CORSON,

Plaintiff,

v.

GREATER PALM SPRINGS TOURISM FOUNDATION DBA GREATER PALM SPRINGS CONVENTION AND VISITORS BUREAU,

Defendant.

Case No.: 5:22-cv-00736-SPG-PVC

**NOTICE OF MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER; MEMORANDUM OF POINTS AND AUTHORITY**

Date: January 11, 2023
Time: 1:30 p.m.
Ctrm: 5C
Judge: Hon. Sherilyn Peace Garnett

**TO THE HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on January 11, 2022 at 1:30 p.m., or as soon thereafter as this matter may be heard, before the Honorable Sherilyn Peace Garnett , at the United States District Court for the Central District of California, located at

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

First Street U.S. Courthouse, 350 West 1st St., Courtroom 5C, 5th Floor, Los Angeles, CA 90012, Plaintiff Lisa Corson ("Corson"), by and through her undersigned counsel, will and hereby does, pursuant to Fed. R. Civ. P. 12(f) move to strike the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Nineth, and Tenth Affirmative Defenses in Defendant Greater Palm Springs Tourism Foundation dba Greater Palm Springs Convention and Visitors Bureau's ("GPSTF"), Answer to Plaintiff's Complaint, filed June 23, 2022. (ECF 25).

Plaintiff's counsel has attempted to comply with Local Rule 7-3 but has been unable to do so as Defendant's counsel has been unresponsive. Filed concurrently with this motion is the Declaration of Matthew L. Rollin, which details the attempts to comply with Local Rule 7-3. To date, Defendant's counsel has not been responsive to Plaintiff's counsel's requests to meet and confer regarding this motion.

This motion is and will be made upon the grounds that each of these defenses constitutes an insufficient defense and/or contains redundant, immaterial, impertinent, or scandalous matter.

This Motion is and will be based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, all pleadings, and papers on file in this action, and such other matters as may be presented to the Court at the time of the hearing.

DATED: August 29, 2022

Respectfully submitted,

*/s/ Matthew L. Rollin*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
Attorneys for Plaintiff Lisa Corson

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# TABLE OF CONTENTS

I. Introduction ..... 1

II. Legal Standard For Pleading Affirmative Defenses ..... 1

III. ARGUMENT ..... 3

A. Defendant's First Affirmative Defense Should be Stricken ..... 3

B. Defendant's Second Affirmative Defense Should be Stricken ..... 4

C. Defendant's Third Affirmative Defense Should be Stricken ..... 4

D. Defendant's Fourth Affirmative Defense Should be Stricken ..... 5

E. Defendant's Fifth Affirmative Defense Should be Stricken ..... 6

F. Defendant's Sixth Affirmative Defense Should be Stricken ..... 6

G. Defendant's Seventh Affirmative Defense Should be Stricken ..... 7

H. Defendant's Eighth Affirmative Defense Should be Stricken ..... 7

I. Defendant's Ninth Affirmative Defense Should be Stricken ..... 8

J. Defendant's Tenth Affirmative Defense Should be Stricken ..... 8

IV. Conclusion ..... 9

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Ahmed v. HSBC Bank USA, N.A.*,
2017 U.S. Dist. LEXIS 183910 (C.D. Cal. Nov. 6, 2017) ........ 3

*Allen v. A.H. Robins Co.*,
752 F.2d 1365 (9th Cir. 1985) ........ 6

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
2014 WL 360048 (C.D. Cal. Jan. 31, 2014) ........ 4

*Arthur v. Constellation Brands, Inc.*,
2016 WL 6248905 (N.D. Cal. Oct. 26, 2016) ........ 4

*Baker v. FirstCom Music*,
2017 WL 9500947 (C.D. Cal. July 27, 2017) ........ 4

*Baker v. Jason*,
2014 U.S. Dist. LEXIS 116170 (S.D. Cal. Aug. 20, 2014) ........ 4

*Barnes v. AT&T Pension Benefit Plan*,
718 F. Supp. 2d 1167 (N.D. Cal. 2010) ........ 2

*Bd. of Trs. of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*,
2014 WL 1245800 (E.D. Cal. March 24, 2014) ........ 2

*Creative Photographers v. Collection*,
2021 WL 3568243 (C.D. Cal. July 7, 2021) ........ 8

*Davis v. Hollywood & Ivar* ,
2021 WL 4816823 (C.D. Cal. Aug. 30, 2021) ........ 5

*Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*,
2011 WL 3809933 (C.D. Cal. Aug. 25, 2011) ........ 5

*G & G Closed Circuit Events, L.L.C. v. Nguyen* ,
2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) ........ 8

*Ganley v. Cnty. of San Mateo*,
2007 WL 902551 (N.D. Cal. Mar. 22, 2007) ........ 2

*Gencarelli v. Twentieth Century Fox Film Corp.*,

2018 U.S. Dist. LEXIS 5375 (C.D. Cal. Jan. 11, 2018) ........................................ 3

*Gomez v. J. Jacobo Farm Labor Contr., Inc.*,
188 F. Supp. 3d 986 (E.D. Cal. 2016) ........................................ 2

*Hampton v. Paramount Pictures Corp.*,
279 F.2d 100 (9th Cir. 1960) ........................................ 6

*Jones v. Cmty. Redevelopment Agency*,
733 F.2d 646 (9th Cir. 1984) ........................................ 1, 2

*Lizalde v. Advanced Planning Servs.*,
875 F. Supp. 2d 1150 (S.D. Cal. June 22, 2012) ........................................ 6

*Margalith v. Jpmorgan Chase Bank, N.A.*,
2021 U.S. Dist. LEXIS 98390 (C.D. Cal. Apr. 6, 2021) ........................................ 6, 7

*McIntosh v. N. Cal. Universal Enters. Co.*,
670 F. Supp. 2d 1069 (E.D. Cal. 2009) ........................................ 6

*Misra v. Decision One Mortg. Co.*,
2008 U.S. Dist. LEXIS 144903 (C.D. Cal. Mar. 24, 2008) ........................................ 6

*PepsiCo, Inc. v. J.K. Distribs.*,
2007 WL 2852647 (C.D. Cal. Sept. 14, 2007) ........................................ 1

*Petrella v. MGM*,
134 S. Ct. 1962 (2014) ........................................ 5

*PK Studios, Inc. v. R.L.R. Invs., L.L.C.*,
2016 U.S. Dist. LEXIS 116057 (M.D. Fla. Aug. 30, 2016) ........................................ 4

*Rosen v. Masterpiece Mktg. Grp., L.L.C.*,
222 F. Supp. 3d 793 (C.D. Cal. 2016) ........................................ 7

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*,
621 F.3d 981 (9th Cir. 2010) ........................................ 5

*Seville Classics, Inc. v. Neatfreak Grp., Inc.*,
2017 WL 3473932 (C.D. Cal. Feb. 14, 2017) ........................................ 5

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) ........................................ 2

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

*Spann v. J.C. Penney Corp.*,
2015 U.S. Dist. LEXIS 192557 (C.D. Cal. July 16, 2015) .................................... 3

*Stevens v. CoreLogic, Inc.*,
2015 U.S. Dist. LEXIS 156161 (S.D. Cal. Nov. 17, 2015) ................................ 3, 8

*Sun Microsystems, Inc. v. Datram Corp., No. CIV.*,
96-2070 8 S.W. 1997 ....................................................................................... 6

*Taylor Holland L.L.C. v. MVMT Watches, Inc.*,
2016 WL 6892097 (C.D. Cal. Aug. 11, 2016) ...................................................... 8

*TSX Toys, Inc. v. 665, Inc.*,
2015 U.S. Dist. LEXIS 192520 (C.D. Cal. Sept. 23, 2015) .................................... 7

*Wyshak v. City Nat'l Bank*,
607 F.2d 824 (9th Cir. 1979) ................................................................... 2, 3, 5

*Zivkovic v. S. Cal. Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) ......................................................................... 3

**Statutes**

17 U.S.C. § 13.08 (2012) ...................................................................... 4, 6
17 U.S.C. § 107 ..................................................................................... 4
17 U.S.C. § 507 ..................................................................................... 7

**Rules**

Fed. R. Civ. P. 7-3 .................................................................................. ii
Fed. R. Civ. P. 8 ................................................................................. *passim*
Fed. R. Civ. P. 12 ................................................................................. i, 3

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

# MEMORANDUM OF POINTS AND AUTHORITY

Lisa Corson by and through her undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike Defendant Greater Palm Springs Tourism Foundation dba Greater Palm Springs Convention and Visitors Bureau's Affirmative Defenses (ECF 25), and in support of this motion, states as follows:

## I. Introduction

This is a copyright infringement case alleging infringement of a photograph online by Defendant. This motion is occasioned by the Defendant's filing of ten (10) insufficient and/or legally baseless affirmative defenses in Defendant's Answer. (*See* ECF 25). Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves to strike the Defendant's affirmative defenses.

The Court should strike Defendant's affirmative defenses because none of Defendant's affirmative defenses are valid. In addition, without granting Plaintiff's Motion to Strike, it will put extraneous costs on Plaintiff by increasing both time and resources that Plaintiff and Plaintiff's counsel will have to expend in proceeding with this case. Therefore, the Court should grant Plaintiff's Motion to Strike Defendant's affirmative defenses.

## II. Legal Standard For Pleading Affirmative Defenses

"Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Pepsico, Inc. v. J.K. Distributors, Inc.*, 2007 WL 2852647, *2 (C.D. Cal. Sept. 14, 2007) *citing Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Under Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). The grant of a motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues

prior to trial." *Sidney Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Ganley v. Cnty. of San Mateo*, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) ("In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action.").

In the Ninth Circuit, conclusory and factually unsupported affirmative defenses are insufficient to survive motions to strike. *See Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). An affirmative defense must give fair notice of the defense pled. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979). Although "fair notice" is a low bar that does not require great detail, it does require a defendant to provide "some factual basis" for its affirmative defenses. *See Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016). Simply referring to a doctrine or statute is insufficient to afford fair notice. *See Id*. Indeed, courts generally "will not accept fact barren affirmative defenses or bare references to doctrines or statutes because such pleadings do not afford fair notice of the nature of the defense pleaded." *Id*; *see Board of Trustees of IBEW Local Union No. 100 Pension Trust Fund v. Fresno's Best Indus. Elec., Inc.*, 2014 WL 1245800, at *4 (E.D. Cal. 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action...."); *Wyshak*, 607 F.2d at 827) (holding that fair notice of the nature of the defense requires more than allegation of the doctrine at issue).

As explained below, Defendant's Answer contains multiple defects. Specifically, many of the purported "Affirmative Defenses" are not affirmative defenses at all, and are simply "negative" defenses aimed at Plaintiff's prima facia case. *See Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal, 2010) (striking eight "negative" defenses). Additionally, some of Defendant's purported "Affirmative Defenses," lack legal basis, and are not supported by any statute, case law, or other jurisprudence. Finally, to the extent any

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Affirmative Defenses alleged in the Answer would be valid, Defendant has alleged no facts whatsoever to support any of its affirmative defenses, which is insufficient to give fair notice of the defenses pled. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979).

For the reasons set forth below, the following purported Affirmative Defenses alleged in the Answer are defective and must be stricken.

**III. ARGUMENT**

**A. Defendant's First Affirmative Defense Should be Stricken**

The first affirmative defense states that "Plaintiff fails to state a claim against Defendant on which relief can be granted." Here, the elements of copyright infringement were carefully outlined and addressed in the Complaint.

If Defendant held a good faith belief that Plaintiff had failed to state a claim in her complaint, it could have and should have moved to dismiss any such claim pursuant to Rule 12(b)(6). *See Gencarelli v. Twentieth Century Fox Film Corp.*, No. 2:17-CV-02818-ODW (AJW), 2018 U.S. Dist. LEXIS 5375 (C.D. Cal. Jan. 11, 2018) ("[F]ailure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense."); *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057 FMO (SPx), 2017 U.S. Dist. LEXIS 183910 (C.D. Cal. Nov. 6, 2017) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.") (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)); *see also Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO (RNBx), 2015 U.S. Dist. LEXIS 192557, at *11 (C.D. Cal. July 16, 2015).

Moreover, this affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc.*, No. 14-cv-1158-BAS-JLB, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015). This is not a proper affirmative defense and should be stricken.

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**B. Defendant's Second Affirmative Defense Should be Stricken**

The second affirmative defense states "One or more third parties are liable for the conduct alleged and will be required to answer and indemnify." This is not a proper affirmative defense. This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. "At minimum, 'fair notice' requires some pleading of facts: 'Neither mere reference to a legal doctrine, nor a bare recitation of statutory provisions, provides fair notice of an affirmative defense absent some fact or argument explaining the defense.'" *Baker v. FirstCom Music*, No. LACV168931VAPJPRX, 2017 WL 9500947, at *2 (C.D. Cal. July 27, 2017) (citing *Arther v. Constellation Brands, Inc.*, No. 16-cv-04680-RS, 2016 WL 6248905, at *2 (N.D. Cal. Oct. 26, 2016) (quoting *Barrilleaux v. Mendocino Cnty.*, No. 14-cv-01373 (N.D. Cal. Apr. 4, 2016)).

Defendant's mere reference to a legal doctrine is insufficient to provide "fair notice." This is not a proper affirmative defense and should be stricken.

**C. Defendant's Third Affirmative Defense Should be Stricken**

The third affirmative defense states "Plaintiff's claims for relief are barred by the 'Fair Use Doctrine' pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107." Fair use analysis requires the Court to consider, at a minimum, the four factors set forth in 17 U.S.C. § 107. *PK Studios, Inc. v. R.L.R. Invs.*, LLC, 2016 U.S. Dist. LEXIS 116057, *7-8 (M.D. Fla. Aug. 30, 2016) (citing Nimmer on Copyright § 13.08 (2012)). Courts have held that some fact or argument must be presented in order for the Court to conclude that the defense asserted is indeed an affirmative defense. *See Baker v. Jason*, 2014 U.S. Dist. LEXIS 116170, at *4-5 (S.D. Cal. August 20, 2014); *See also Amini Innovation Corp. v. McFerran Home Furnishings Inc.*, No. CV 13-6496 RSWL SSX, 2014 WL 360048, at *4 (C.D. Cal. Jan. 31, 2014) (granting Plaintiff's motion to strike Defendant's fair use defense because the "Answer fails to set forth facts regarding the elements of [the] defense and how it applies to the instant action."). Further, Defendant states no facts or argument in support of its affirmative

defense, and it should be stricken. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)) (holding that fair notice of the nature of the defense requires more than allegation of the doctrine at issue).

This affirmative defense is improper and should be stricken.

**D. <u>Defendant's Fourth Affirmative Defense Should be Stricken</u>**

The fourth affirmative defense states that "The action is barred by the doctrine of Laches."

"The elements of laches are (1) an unreasonable delay in bringing suit; and (2) prejudice to the defendant caused by the delay." *Davis v. Hollywood & Ivar, LLC*, No. 221CV01235VAPJPRX, 2021 WL 4816823, at *5 (C.D. Cal. Aug. 30, 2021); *citing Seller Agency Council v. Kennedy Center for Real Estate Educ.*, 621 F.3d 981, 989 (9th Cir. 2010). Courts will strike an affirmative defense of laches where a defendant does no more than recite the elements of laches. *See Davis v. Hollywood & Ivar, LLC*, No. 221CV01235VAPJPRX, 2021 WL 4816823, at *5 (C.D. Cal. Aug. 30, 2021); *See also*, *Seville Classics, Inc. v. Neatfreak Grp., Inc.*, No. CV1606460 SJO (RAOx), 2017 WL 3473932, at *5 (C.D. Cal. Feb. 14, 2017) (striking a laches defense for insufficient pleading because the party in question "alleged no facts in support of either element"); *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at *4 (C.D. Cal. Aug. 25, 2011) (striking a laches defense where "the Answer and Counterclaim fails to set forth any facts regarding how Plaintiff's conduct allegedly gave rise to this defense of laches"). Moreover, laches may not bar a claim for copyright infringement brought within the appropriate statute of limitations. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1967 (2014).

Here, Defendant fails to even recite the elements of the doctrine of Laches. Defendant merely asserts the doctrine of Laches without any facts or evidence for support. Therefore, the Defendant's fourth affirmative defense is improper and should be stricken.



SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**E. Defendant's Fifth Affirmative Defense Should be Stricken**

The fifth affirmative defense states that "Plaintiff's action is barred by the doctrine of equitable estoppel. "Four elements must be presented to establish the defense of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts, and (4) he must rely on the former's conduct to his injury." *Softketeers, Inc. v. Regal W. Corp.*, No. SACV 19-519 JVS (JDEx), 2020 U.S. Dist. LEXIS 195492, at *18 (*citing Hampton v. Paramount Pictures Corp.,* 279 F.2d 100, 104 (9th Cir. 1960) (addressing estoppel in a copyright case); *McIntosh v. N. California Universal Enterprises Co.*, 670 F. Supp. 2d 1069, 1101 (E.D. Cal. 2009). Courts have held that the affirmative defense of estoppel is "adequately pled only where the defendant had allege[d] all the elements." *Misra v. Decision One Mortg. Co.*, LLC, No. SA CV 07-00994 DOC (RCx), 2008 U.S. Dist. LEXIS 144903, at *26 (C.D. Cal. Mar. 24, 2008) (citing *Allen v. A.H. Robins Co., Inc.*, 752 F.2d 1365, 1371 n. 3 (9th Cir. 1985); *see also Sun Microsystems, Inc. v. Datram Corp.*, No. CIV. 96-20708 SW, 1997 WL 50272, at *4 (N.D. Cal. Feb. 4, 1997).

Defendant has failed to plead any of these elements. Simply referring to a doctrine or statute is insufficient to afford fair notice. *See Margalith v. Jpmorgan Chase Bank, N.A.*, No. 2:20-cv-03781-RGK-PJW, 2021 U.S. Dist. LEXIS 98390 (C.D. Cal. Apr. 6, 2021). This is not a proper affirmative defense and should be stricken.

**F. Defendant's Sixth Affirmative Defense Should be Stricken**

The sixth affirmative defense states that "Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright." "Innocent infringement of a copyright is not an affirmative defense to an infringement action." *See Lizalde v. Advanced Planning Serv.*, 875 F. Supp. 2d 1150, 1164 (C.D. Cal. June 22, 2014) (*citing* Nimmer on Copyright § 13.08 (2012)).

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

Again, simply referring to a doctrine or statute is insufficient to afford fair notice. *See Margalith v. Jpmorgan Chase Bank, N.A.* (C.D. Cal. Apr. 6, 2021, No. 2:20-cv-03781-RGK-PJW) 2021 U.S.Dist.LEXIS 98390.). Courts generally require that "[a]n affirmative defense must be pleaded with enough specificity or factual particularity to give the party "fair notice" of the defense being advanced." *TSX Toys, Inc. v. 665, Inc.*, No. ED CV 14-02400-RGK (DTBx), 2015 U.S. Dist. LEXIS 192520 (C.D. Cal. Sep. 23, 2015).

This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. This is not a proper affirmative defense and should be stricken.

**G. Defendant's Seventh Affirmative Defense Should be Stricken**

The seventh affirmative defense states that "Any alleged infringement is barred by the statutes of limitations as set forth in section 17 U.S.C § 507 and California Civil Code § 339(1)." Courts generally require that "[a]n affirmative defense must be pleaded with enough specificity or factual particularity to give the party "fair notice" of the defense being advanced." *TSX Toys, Inc. v. 665, Inc.*, No. ED CV 14-02400-RGK (DTBx), 2015 U.S. Dist. LEXIS 192520 (C.D. Cal. Sep. 23, 2015). Defendant has failed to plead any facts to put Corson on notice as to the nature of this defense. This is not a proper affirmative defense. For these reasons the seventh affirmative defense should be stricken.

**H. Defendant's Eighth Affirmative Defense Should be Stricken**

The eighth affirmative defense states that "Plaintiff has released or otherwise waived her rights to claim copyright infringement." Mere recitations of legal doctrines devoid of any factual allegations fail to provide "fair notice." *Rosen v. Masterpiece Mktg. Grp.*, LLC, 222 F. Supp. 3d 793, 804–05 (C.D. Cal. 2016) (striking defendant's waiver affirmative defense for failing to provide plaintiff fair notice).

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. This is not a proper affirmative defense and should be stricken.

**I. Defendant's Ninth Affirmative Defense Should be Stricken**

The ninth affirmative defense states "Plaintiff has acquiesced in any alleged copyright infringement." Acquiescence is not typically a defense to copyright infringement. *See Taylor Holland LLC v. MVMT Watches, Inc.*, No. 2:15-CV-03578-SVW-JC, 2016 WL 6892097, at *8 (C.D. Cal. Aug. 11, 2016); *See also Creative Photographers, Inc. v. Brock Collection, LLC*, No. 2:20-CV-09261-RGK-E, 2021 WL 3568243, at *2 (C.D. Cal. July 7, 2021).

This affirmative defense is unsupported by any facts whatsoever and fails to satisfy Rule 8 pleading standards. Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc.*, No. 14-cv-1158-BAS-JLB, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015). This is not a proper affirmative defense and should be stricken.

**J. Defendant's Tenth Affirmative Defense Should be Stricken**

The tenth affirmative defense states that "Plaintiff has failed to join indispensable parties." Courts have stricken a defense of failure to join indispensable parties where the "Defendants [did] not identify any party who must be joined." *G & G Closed Cir. Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *2 (N.D. Cal. Sept. 23, 2010) (striking affirmative defenses based on defendants' failure to provide fair notice). Affirmative defenses that do not provide fair notice of the nature and grounds of the defense should be stricken. *See Stevens v. CoreLogic, Inc., No. 14-cv-1158-BAS-JLB, 2015 U.S. Dist. LEXIS 156161, at *11-12 (S.D. Cal. Nov. 17, 2015).*

Similarly, Defendant has not identified any party who must be joined. As such, Defendant has failed to provide Plaintiff fair notice of the nature of this defense. This is not a proper affirmative defense and should be stricken

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

**IV. Conclusion**

WHEREFORE, this Court should strike Defendant Greater Palm Springs Tourism Foundation dba Greater Palm Springs Convention and Visitors Bureau's affirmative defenses for the reasons set forth above.

DATED: August 29, 2022

*/s/ Matthew L. Rollin*
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
Attorneys for Plaintiff Lisa Corson

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK