Jonah A. Grossbardt (SBN 283584)
Matthew L. Rollin (SBN 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, CA 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

*Attorneys for Plaintiff*
LISA CORSON

Shaun M. Murphy (SBN 208051)
**SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262
(760) 322-2275 - Telephone
(760) 322-2107 - Facsimile
murphy@sbemp.com

*Attorneys for Defendant*
Greater Palm Springs Tourism Foundation dba Greater Palm Springs Convention and Visitors Bureau

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LISA CORSON, <br><br> Plaintiff, <br><br> v. <br><br> GREATER PALM SPRINGS TOURISM FOUNDATION dba GREATER PALM SPRINGS CONVENTION AND VISITORS BUREAU <br><br> Defendant. | Case No.: 5:22-cv-00736-SPG-PVC <br><br> **JOINT RULE 26(F) REPORT** |

## JOINT REPORT PURSUANT TO F.R.C.P. RULE 26(f)

This *Joint Report Pursuant to F.R.C.P. Rule 26(f)* is submitted by Plaintiff LISA CORSON ("Gomez" or "Plaintiff") and Defendant GREATER PALM SPRINGS TOURISM FOUNDATION dba GREATER PALM

SPRINGS CONVENTION AND VISITORS BUREAU ("GPSTF" or "Defendant").

The counsel for Plaintiff and for Defendant conferred on August 31, 2022, as required under the Federal Rules of Civil Procedure ("FRCP") Rule 26(f) and Local Rule L.R. 26-1, and this Court's Scheduling Order.

Plaintiff and Defendant, through their respective counsel of record, hereby submit this *Joint Report* prepared pursuant to FRCP Rule 26(f) following their conference, as follows:

**1.   Statement of the Case:**

   a.   Plaintiff:

Corson is an editorial and commercial photographer based in Kansas City, and her strong background as a photo editor for Spin, New York Magazine and Wall Street Journal give her a unique insight into production, art directing, and client needs. Her travel photography, which often depict the American West and Southern California, can be found in the pages of Sunset Magazine, Bon Appetit, and Los Angeles Magazine. Corson is a frequent contributor to The Wall Street Journal, photographing luxury and celebrity homes and portraits for their Mansion section. She previously spent over a decade honing her eye as a photo editor for publications including New York Magazine, Art+Auction, and The Wall Street Journal. Corson's clients include J. Walter Thompson, Grand Marnier, Bon Appetit, Los Angeles Magazine, Hemispheres, House & Garden, Country Living, San Francisco Magazine, Palm Springs Tourism Bureau, Simon & Schuster, Spin, and others.

In 2013, Corson created a photograph entitled "LisaCorson_Palm_Springs-8662". Corson registered the Work with the Register of Copyrights on May 11, 2016 and was assigned the registration number VA 2-003-666.

Corson alleges that Defendant copied Corson's copyrighted Work from the internet in order to advertise, market and promote its business activities. Defendant committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting the sale of goods and services as part of its Greater Palm Springs tourism business.

On a date after the Work at issue in this action was created, but prior to the filing of this action, Defendant copied the Work. Defendant has never been licensed to use the Work at issue in this action for any purpose. Defendant copied Corson's copyrighted Work without Corson's permission. Corson never gave Defendant permission or authority to copy, distribute or display the Work at issue in this case.

    b. Defendant:

In approximately 2015, the Palm Springs Bureau of Tourism and several partners were sued by photographer Lisa Corson for unauthorized use of photography. The parties settled the matter with a full release of liability related to the use of the photographs. At the time, Bureau staff communicated with the Convention and Visitor's Bureau staff to remove any and all of Ms. Corson's photography, both from the front end and back end of their websites to insure that all photography had been removed from the GPSCVB website.

The PS Bureau of Tourism received notice of an alleged infringing use of Ms. Corson's photography in September 2019. The photo was not a newly posted work but was from the works that were the subject of the prior dispute. GPSCVB updated its website in approximately 2018, and in the process it uploaded information from the prior site. GPSCVB did not have the Corson photo in its image library and does not know the source of the image. It was attached to a prior event. Upon receiving notice that the image was posted, GPSCVB removed it from its site.

**2.     Subject Matter Jurisdiction:**

This is an action arising under the Copyright Act, 17 U.S.C. § 501. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**3.     Legal Issues:**
  a.    Plaintiff:
     i.    Whether Plaintiff owns a valid copyright in the Work;
     ii.   Whether Defendant copied, displayed, or distributed Plaintiff's Work; and
     iii.  Plaintiff's Damages
  b.    Defendants:
     i.    The issues listed above
     ii.   Whether the image at issue was the subject of a prior release and settlement

**4.     Parties, Evidence, Etc.**
  a.    Plaintiff:
     i.    Parties:
        1.   Lisa Corson, individual.
     ii.   Witnesses:
        1.   Lisa Corson, Plaintiff; and
        2.   Corporate Representative of GPSTF.
     iii.  Documents:
        1.   Documents showing the infringement of Plaintiff's Work;
        2.   Copyright Registration; and
        3.   Defendant's response to Plaintiff's Written Discovery.

   b.  Defendants:
      i.  Parties:
         1. Plaintiff Lisa Corson
         2. Defendant's Representative, William Judson
      ii.  Witnesses
         1. Lisa Corson
         2. William Judson
         3. Collen Pace
         4. Mary Jo Ginther
      iii.  Documents
         1. Images of the subject work
         2. Copyright registration
         3. Prior Settlement and Release
         4. Plaintiff's responses to written discovery

5. **Damages:**

   a.   Plaintiff: Plaintiff will seek either actual damages and Defendants' profits pursuant to 17 U.S.C. 504(b) or Plaintiff will elect to seek statutory damages of $750-$30,000 for copyright infringement pursuant to 17 U.S.C. 504(c)(1) or up to $150,000 if the infringement is found to be willful pursuant to 17 U.S.C. 504(c)(2).

6. **Insurance:**

   Defendant has submitted the claim to its insurer who is evaluating the claim.

///
///
///
///
///

**7. Motions:**

    a. **Procedural Motions:**

        i. Plaintiff:

Plaintiff may have to add other parties and amend its complaint following discovery in the event she learns of additional parties or usage of additional copyrighted Works.

        ii. Defendant:

Defendant does not anticipate any procedural motions.

    b. **Dispositive Motions:**

        i. Plaintiff:

Plaintiff intends to file a Motion for Summary Judgment after completion of discovery.

        ii. Defendant:

Defendant does not anticipate any dispositive motions.

    c. **Class Certification Motions:** N/A. This is not a Class Action Matter.

**8. Manual for Complex Litigation:** Parties do not believe the procedures of the Manual for Complex Litigation should be utilized.

**9. Discovery:** At the time of filing this report, Parties have not yet engaged in discovery.

    a. **Status of Discovery:**

Parties have not begun discovery. Plaintiff is currently in the process of preparing written discovery requests for Defendant.

The parties do not believe that complex or specialized electronic discovery methods or tools (such as "data mining" techniques) will be required in order to carry out discovery of electronically stored documents contemplated by the parties. The parties agree to claw back any privileged documents. The parties will take discovery on Plaintiffs' claims of liability and damages and Defendants'

defenses. The parties do not believe any changes or limitations on discovery should be made.

    b. **Discovery Plan:**

        i. **Plaintiffs:**

Plaintiff believes a deposition of Defendants pursuant to FRCP 30(b)(6) will be needed. Additional deponents will likely be identified at that deposition. Plaintiff anticipate serving discovery on Plaintiff regarding Defendant's claims and defenses.

        ii. **Defendants:**

Defendant anticipates taking the Plaintiff's deposition and propounding written discovery.

    c. **Discovery Cut-off:** The Parties propose to complete discovery as set forth in the Parties' [Proposed] Schedule of Pretrial and Trial Dates Worksheet attached as **Exhibit A** to this order.

    d. **Expert Discovery:** The Parties propose to complete discovery as set forth in the Parties' [Proposed] Schedule of Pretrial and Trial Dates Worksheet attached as **Exhibit A** to this order.

        i. **Plaintiffs:**

Plaintiff anticipates needing at least one expert on the issue of damages. Plaintiff may also need an expert regarding liability as well.

        ii. **Defendants:**

Defendants anticipate retaining an expert on the issue of damages.

    e. **Settlement Conference/ADR:** Parties agree to ADR Procedure No. 2, Mediation in front of a mediator from the Court's mediation panel.

    f. **Trial:**

        i. **Trial Estimate:** 3-5 Days.

        ii. **Jury or Court Trial:** Jury Trial.

        iii.      **Consent to Trial Before Magistrate:** Parties do not Consent to Trial Before Magistrate.

        iv.      **Lead Trial Counsel:**

            1.      **Plaintiff:** Jonah Grossbardt

            2.      **Defendant:** Shaun Murphy

g.    **Independent Expert or Master:** The Parties do not believe an Independent Expert or Master is necessary in this matter.

h.    **Other Issues:** The Parties do not believe there are any other special issues that will affect this matter.

**[Attached as Exhibit A is the Proposed Schedule of Pretrial and Trial Dates Worksheet]**

DATED: September 7, 2022

| | |
|---|---|
| _/s/ Jonah A. Grossbardt_ | _/s/ Shaun M. Murphy_ |
| JONAH A. GROSSBARDT | SHAUN M. MURPHY |
| MATTHEW L. ROLLIN | **SLOVAK BARON EMPEY** |
| **SRIPLAW** | **MURPHY & PINKNEY LLP** |
| Attorneys for Plaintiff Lisa Corson | Attorneys for Defendant Greater Palm Springs Tourism Foundation dba Greater Palm Springs Convention and Visitors Bureau |

## ECF ATTESTATION

I, Jonah A. Grossbardt, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing in accordance with Civil Local Rule 5-4.3.4(a)(2)(i).

DATED: September 7, 2022

/s/ Jonah A. Grossbardt
JONAH A. GROSSBARDT
MATTHEW L. ROLLIN
**SRIPLAW**
Attorneys for Plaintiff